IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:03-cr-00012-MP-AK

LAMAR EUGENE CARMICHAEL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 52, Amended Motion to Vacate under 28 U.S.C. § 2255, by Lamar Eugene Carmichael. The Government has filed its response, Doc. 54, and Defendant has filed a reply. Doc. 55. The Government has also filed a supplemental response, Doc. 55, to which Defendant has filed a supplemental reply. Doc. 57. This cause is now in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied as untimely.

Defendant was convicted of possession of a firearm by a prior convicted felon and possession of a stolen firearm and sentenced to 78 months on each count to run concurrently. Docs. 33 & 45. Judgment was entered on December 19, 2003. Doc. 45.

Defendant maintains that he and counsel, Lloyd Vipperman, had several conversations regarding an appeal of the sentence in the months before the sentencing hearing, but that immediately prior to sentencing, Mr. Vipperman told Defendant that "if the judge asked if I wanted to appeal to say no." Doc. 52, Ex. B. He further advised Defendant that "there was nothing to appeal," but Defendant states that he told Mr. Vipperman "that I wanted to appeal anyway." *Id*. According to Defendant, he told the Court at sentencing that he "needed to discuss

[the issue of appeal] with my attorney," but though he made "numerous attempts" to contact Vipperman after that time, they were to "no avail." *Id*. Defendant states that when he failed to get in touch with Mr. Vipperman, he had his father "try to contact him but he was unsuccessful as well. Mr. Vipperman never returned his calls." *Id*. Defendant's mother and father have submitted an affidavit as well, stating that on the day of sentencing, they told counsel that "we as well as Lamar Jr. wanted to appeal the sentence." Doc. 52, Ex. A. According to them, Mr. Vipperman "told us not to appeal that he would take care of it....[I]f we appealed it, that it would get tied up in the system and would take forever. He said not to worry, to go home and let him take care of everything." *Id*.

No appeal was filed.

On or about February 17, 2005, Defendant filed a motion seeking Mr. Vipperman's withdrawal based on counsel's failure properly to advise him regarding his appellate rights and for failing to file a notice of appeal. Doc. 48. The Court, finding the "pleading...more akin to a motion...to discharge his attorney of record," denied the motion as moot given the length of time since judgment was entered. Doc. 49.

Defendant filed a motion to vacate on or about May 9, 2005. Doc. 50. In compliance with the Court's order, Defendant filed an amended motion on or about June 7, 2005.

The only issue presented is whether counsel acted ineffectively in failing to file a notice of appeal. The Government maintains that the motion to vacate is untimely.

## **DISCUSSION**

Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

>in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "A 1-year period of limitation shall apply to a motion under this section." *Id*.

The one-year limitations period

>shall run from the latest of–
>
>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Defendant did not appeal his sentence, and thus, his conviction became final ten days later. Fed. R. App. P. 4(b). Because Defendant did not appeal, he is not entitled to the 90-day time for seeking certiorari which would have been afforded him if he had appealed the sentence. *Cf. Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (judgment of conviction becomes final within meaning of § 2255 on date on which time for filing petition for certiorari to United States Supreme Court expires).

Defendant filed his original motion to vacate on May 9, 2005. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (*pro se* prisoner's document is considered filed on date that prisoner

delivers document to prison authorities for mailing). Under subsection (1), the motion is patently untimely, as it was not filed within one year of the date of finality. Defendant argues that the motion to withdraw filed on February 17, 2005, was "titled improperly" and should be construed as a § 2255 motion. Even if the Court considered the motion to withdraw as a motion to vacate, it would be of no help to Defendant as it too was filed more than one year after Defendant's conviction became final, and thus, is untimely under subsection (1) as well.

Without doubt, a later date--such as "the date on which the facts supporting the claim...presented could have been discovered through the exercise of due diligence"--can apply in determining whether a § 2255 motion has been timely filed. This limitations period "begins to run when the facts *could have been* discovered through the exercise of due diligence, not when they were *actually* discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). Thus, the "beginning of the one-year period is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." *Id.* The pertinent timeliness inquiry begins with "determining whether the petitioner exercised due diligence because...if he did so, the limitation period would not begin to run before the date he actually discovered the facts supporting the claim." *Id.* "It is only if [Defendant] did not exercise due diligence that [the Court is] required to speculate about the date on which the facts could have been discovered with the exercise of due diligence." *Id.* at 711 n.1.

In determining due diligence, a petitioner is not required to use "the maximum feasible diligence, but only 'due,' or reasonable, diligence." *Id.* at 712. "Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id.* The due diligence inquiry is "an

individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" *Id*. (citation omitted).

Defendant candidly acknowledges that he "did not act with diligence in finding out why his attorney had not taken care of everything." Doc. 55 at 1. Because he did not act with due diligence, the Court must now "speculate about the date on which the facts could have been discovered with the exercise of due diligence." *Aron*, 291 F.3d at 711 n.1. The one-year statute of limitations will then run from that date. After carefully considering the matter, the Court has no hesitation in finding that Petitioner certainly could have discovered that counsel had not filed the appeal very soon after his sentencing. Defendant's argument that "he had no reason to doubt his attorney," while facially appealing, is belied by the facts presented by Defendant, i.e., that despite repeated telephone calls from himself and his father, counsel failed to return either man's calls. This failure would have given a reasonable defendant pause that perhaps his attorney was not carrying out his wishes. In this Court's view and under these circumstances, Defendant could have discovered quite easily--certainly within a month after the time for appeal had expired--by either writing a letter or placing a phone call to the chambers of the sentencing judge or the Clerk of Court that counsel had not timely filed a notice of appeal. Thus, the date on which Defendant could have discovered with the exercise of due diligence that counsel had not filed a notice of appeal was February 6, 2004, and the motion to vacate was filed more than one year after that date. Indeed, even if the Court construes the motion to withdraw as a motion to vacate, the one-year statute of limitations had expired by the time it was filed.

While § 2255's period of limitations may be equitably tolled in the proper case, "Equitable tolling is appropriate when a movant untimely files because of extraordinary

circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  The facts as presented by Defendant plainly do not meet this standard.

Having carefully considered the matter, the Court concludes that the instant motion is untimely, and thus, it is respectfully **RECOMMENDED** that the amended motion to vacate, Doc. 52, be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this *1st* day of August, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**